KILLMER, LANE & NEWMAN, LLP

ATTORNEYS AT LAW

1543 CHAMPA ST. • SUITE 400 • THE ODD FELLOWS HALL • DENVER, CO 80202
303.571.1000 • FAX: 303.571.1001 • www. KLN-law.com

Darold W. Killmer
David A. Lane *+
Mari Newman*
Michael Fairhurst
Thomas Kelley°
Tyrone Glover
Andrew McNulty^
Liana Gerstle Orshan
Reid Allison+

February 23, 2022

Aurora City Council
citycouncil@auroragov.org

Dear Members of the Aurora City Council,

I have been retained by Council Member Danielle Jurinsky regarding the undated charge against her filed by Council Member Juan Marcano. (See attached Exhibit A). Quite aside from the merits, or lack thereof, of the Marcano allegations, it is my contention that if you proceed with an investigation or hearing in this matter, you will be in violation of both the First Amendment to the United States Constitution as well as Article II, Section 10 of the Constitution of the State of Colorado.

The United States Supreme Court has repeatedly and unequivocally vindicated the rights of public officials and employees to engage in free speech. "The public interest in having free and unhindered debate on matters of public importance -- the core value of the Free Speech Clause of the First Amendment -- is … great…" *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). The Court has emphasized that statements by public officials on matters of public concern must be accorded robust First Amendment protection even if the speech involves criticism of other elected officials. *Garrison* v. *Louisiana*, 379 U.S. 64 (1964); *Wood* v. *Georgia*, 370 U.S. 375 (1962). As the Court held in *Bond v. Floyd*, 385 U.S. 116, 135-36 (1966) "[t]he manifest function of the First Amendment in a representative government requires that legislators be given the widest latitude to express their views on issues of policy."

As broad as the First Amendment is, the Colorado Constitution offers even greater protection to freedom of speech than does the United States Constitution. *Lewis v. Colo. Rockies Baseball Club*, 941 P.2d 266 (Colo. 1997). Speech by elected officials critical of government policy is afforded the absolute highest level of protection found in the law. *Holliday v. Reg'l Transp. Dist.*, 43 P.3d 676, 682 (Colo. App. 2001).

Clearly established law holds that launching an investigation/hearing in bad faith, in retaliation for the exercise of free speech is actionable under the First Amendment. *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000).

*Also admitted to practice in California
+Also admitted to practice in New York
^Also admitted to practice in Missouri
°Of Counsel

There can be no doubt that Council Member Jurinsky was exercising her rights under the First Amendment. She made radio comments regarding the current administration of the Aurora Police Department. She stated that her perception is that the Chief of Police is "trash" and that she and her managerial subordinates should immediately be terminated from their positions of authority over the police. She posted similar messages on social media. Given that Aurora has recently made international news due to repeated misconduct by its officers, this is without a doubt a matter of grave public concern.

It is Council Member Jurinsky's contention that the "investigation" to be launched by the City Attorney followed by a "hearing" before this tribunal is nothing but retaliation for the exercise of her constitutional rights as a citizen and elected official to comment on matters of public concern. This bad-faith investigation would chill a person of ordinary firmness from engaging in protected speech and is therefore, illegal.

Because of this retaliatory, unlawful action, Council Member Jurinsky has had to retain undersigned counsel in this matter and must now spend valuable resources preparing to meet 'charges' which are brought in retaliation for her exercising her constitutional rights. This effort by Council Member Marcano, and if pursued further by the City Attorney or the City Council, is actionable in federal court and Council Member Jurinsky will not hesitate to seek redress in the United States District Court for the District of Colorado if the charges are not immediately dismissed.

If we have not heard from City officials that the charges have been withdrawn or dismissed as facially invalid by the close of business on March 4, 2022, we will assume that the investigation will continue. A lawsuit under 42 U.S.C. § 1983 will be commenced in federal court against those responsible for launching and/or continuing this bad-faith action against Council Member Jurinsky.

Feel free to contact me if you have any questions.

Sincerely,

s/David A. Lane

David A. Lane

*Also admitted to practice in California
+Also admitted to practice in New York
^Also admitted to practice in Missouri
°Of Counsel



Response to MSJ Ex. 31