IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00731-SKC-STV

VANESSA WILSON,

Plaintiff,

v.

CITY OF AURORA,

Defendant.

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION**

---

Defendant City of Aurora, by and through its undersigned counsel, hereby responds to Plaintiff's First Set of Written Discovery Requests, as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1: Identify the Persons (including title/position and contact information) who prepared or assisted You in preparing Your Responses to these Discovery Requests. In so doing, specify the number of each Request and Answer that each person prepared or assisted with.**

**Response:** Kim Skaggs, Esq., Assistant City Attorney, assisted in providing information and documentation for all discovery requests.

**INTERROGATORY NO. 2: Identify all individuals who Mr. Twombly discussed Chief Wilson's job performance with between September 30, 2021 and April 6, 2022. This interrogatory calls for the identity of the individual, the approximate dates of any conversations, and a brief summary of the substance of all conversations.**

**Response:** Objection. The interrogatory is overbroad and unduly burdensome. Mr. Twombly no longer works for the City, and the City does not know every person he may have discussed Wilson's job performance with. The request is also vague and ambiguous in that it is not clear what is meant by "discussed Chief Wilson's job performance." The interrogatory also violates the attorney-client privilege.

Without waiving the objection, it is the City's understanding that Mr. Twombly discussed Wilson's job performance with attorneys for the City, various police officers, Chief Wilson and then-Deputy City Manager Jason Batchelor. The City is not aware of the substance of all conversations Mr. Twombly had with the named individuals. Nor is the City aware of the dates

Response to MSJ Ex. 38

of such discussions. However, as to the conversations with the police officers, it is the City's understanding that Mr. Twombly discussed concerns the officers had regarding Wilson's leadership and the lack of morale in the Aurora Police Department ("APD") at various times from September 2021 through February or March 2022. His communications with Mr. Bachelor included discussions regarding the concerns expressed by the APD officers and the two police unions and discussions about working with Wilson to create a plan to address those concerns, the backlog of APD case files, and Wilson's ability to continue to serve as APD Chief. His communications with Wilson took place throughout her employment and addressed numerous issues including her selection as Interim Chief, her selection as Chief, her duties, her contract, her relationship with the police unions and police officers, a plan to repair her relationship with the police officers and the end of her employment.

**INTERROGATORY NO. 3: Identify in detail all reasons that Chief Wilson was not provided her APD badges and Law Enforcement Officer Safety Act card when she first requested them after her termination. This interrogatory calls for the identity of all people who decided not to issue these items, or were consulted regarding the release of these items, from the time Chief Wilson first requested them to the time any of these items were eventually provided to her.**

**Response:** Employees had no right to keep their badges or to receive a Law Enforcement Officer Safety Act ("LEOSA") card when they ceased working for the APD. In fact, Wilson consistently denied badges and LEOSA cards to employees who she terminated. In order to be consistent with Wilson's practices, Twombly told Batchelor that Wilson would not be permitted to keep her badge or get her LEOSA card because she had been terminated.

**INTERROGATORY NO. 4: For each affirmative defense you are asserting, identify all facts that you contend support the elements of each affirmative defense.**

**Response**: Objection. The request is an overbroad and impermissible blockbuster interrogatory. The City is not required to provide a narrative account of its case. *See Grynberg v. Total SA*, No. 3-cv-1280, 2006 WL 1186836, at *5-*7 (D. Colo. May 3, 2006); *Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997).

**INTERROGATORY NO. 5: Please list every reason you contend that Chief Wilson was terminated.**

**Response:** Mr. Twombly was gravely concerned about Wilson's ability to be an effective leader of the APD based on the union poll, complaints he was hearing from numerous police officers, the high number of officers who had left the APD after Wilson became Chief of the APD, Wilson's failure to provide a plan to rebuild her relationship with her officers, and the backlog of case files that was revealed through a police file audit.

**INTERROGATORY NO. 6: Identify every APD officer who was disciplined (or resigned in lieu of discipline/investigation) from January 1, 2020 to April 6, 2022. A response to this interrogatory should include the name of the officer, the date of the**



Response to MSJ Ex. 38